RELATED DDJ

Raymon A. Green
FULL NAME

Same
COMMITTED NAME (if different)

CMC West ; P.O. Box # 8103
FULL ADDRESS INCLUDING NAME OF INSTITUTION

San Luis obispo, Calif. 93409
# E68189
PRISON NUMBER (if applicable)

FILED
CLERK, U.S. DISTRICT COURT

AUG - 3 2023

CENTRAL DISTRICT OF CALIFORNIA
BY    EEE    DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Raymond A. Green

PLAINTIFF,

v.

D. Samuel (warden)
and , et al...

DEFENDANT(S).

CASE NUMBER  LACV23-06347-JAK (SP)
To be supplied by the Clerk

CIVIL RIGHTS COMPLAINT
PURSUANT TO (Check one)
☒ 42 U.S.C. § 1983
☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971)

A. PREVIOUS LAWSUITS

1. Have you brought any other lawsuits in a federal court while a prisoner: ☒ Yes   ☐ No

2. If your answer to "1." is yes, how many?   TWO

   Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

   See attach Exhibit (A)
   *(CV. 19-6319 JAK (FFM) Lexis # 143259 filed 08-22-19
   (I do not have paperwork on this Lawsuit (2019) Civil Complaint
   - would like to refile or recieve documentation -

a. Parties to this previous lawsuit:
Plaintiff ___See attached Exhibit (A)___

Defendants ___ // ___

b. Court ___ // ___

c. Docket or case number ___ // ___

d. Name of judge to whom case was assigned ___ // ___

e. Disposition (For example: Was the case dismissed? If so, what was the basis for dismissal? Was it appealed? Is it still pending?) ___ // ___

f. Issues raised: ___ // ___

g. Approximate date of filing lawsuit: ___ // ___

h. Approximate date of disposition ___ // ___

## B. EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Is there a grievance procedure available at the institution where the events relating to your current complaint occurred? ☒ Yes ☐ No

2. Have you filed a grievance concerning the facts relating to your current complaint? ☒ Yes ☐ No

   If your answer is no, explain why not _____

3. Is the grievance procedure completed? ☒ Yes ☐ No

   If your answer is no, explain why not _____

4. Please attach copies of papers related to the grievance procedure. See Exhibit (B)

## C. JURISDICTION

This complaint alleges that the civil rights of plaintiff ___Raymond A. Green___
(print plaintiff's name)
who presently resides at ___CMC West, P.O. Box # 8103 San Luis Obispo, Calif. 93409___
(mailing address or place of confinement)
were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at
___CMC West, San Luis Obispo___
(institution/city where violation occurred)

on (date or dates) Jan 18th, 2022, July 14th 2022
                    _____(Claim I)_____(Claim II)_____(Claim III)_____
* Been suffering since 2020 Covid-19 crisis

NOTE:     You need not name more than one defendant or allege more than one claim. If you are naming more than
          five (5) defendants, make a copy of this page to provide the information for additional defendants.
* These all Played a major role in violating my civil Rights.

1. Defendant    A. Sanchez                                          resides or works at
                (full name of first defendant)
                CMC West , San Luis Obispo
                (full address of first defendant)
                Inspecting officer
                (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒individual   ☐ official capacity.

Explain how this defendant was acting under color of law: (see page # 19 of (Exhibit "B"
This person searched my personal Property and took personal
information that was used to falsify documents.

2. Defendant    D. Samuel                                          resides or works at
                (full name of first defendant)
                CMC West , San Luis Obispo
                (full address of first defendant)
                Warden at CMC West, San Luis Obispo
                (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒individual   ☐ official capacity.

Explain how this defendant was acting under color of law: (see page #20 of Exhibit "B"
This person condoned the search and admitted that
it never happened - depicted deliberate indifference to my harm.

3. Defendant    Rizo , S.                                          resides or works at
                (full name of first defendant)
                CMC West, San Luis Obispo
                (full address of first defendant)
                Senior Investigator
                (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒individual   ☐ official capacity.

Explain how this defendant was acting under color of law: (see page # 14 of (Exhibit "B")
Presented false Confidential Report that was the basis
for me being accused of E.D.D. fraud

4. Defendant __Dobbs__ resides or works at
   (full name of first defendant)

   __Unknown__
   (full address of first defendant)

   __Commissioner on BPH__
   (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☑ individual   ☐ official capacity.

Explain how this defendant was acting under color of law: (page # 13 (Exhibit "B")
This person filed a motion to vacate my Parole Suitability with no definite evidence, based on hearsay.

5. Defendant __Long__ resides or works at
   (full name of first defendant)

   __unknown__
   (full address of first defendant)

   __commissioner supported the decision__
   (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☑ individual   ☐ official capacity.

Explain how this defendant was acting under color of law: (see page # 13 (Exhibit "B")
This person supported decision to vacate the decision based on hearsay and no evidence presented.

6. Defendant __chappell__

   __address__ : unknown

   __title__ : Commissioner at hearing on July 14, 2022,

   __sue under__ : Individual capacity (see page # 12 (Exhibit "B") and page # 10 (Exhibit "C")
   __reason for suit__ : Denied me 3 years for false accusations and never presented evidence — and failed to adhere to rules and regulations under youth offender factors in Penal Code § 4801 — and Franklin decision — Lengthy sentences given to youth offenders violate 8th Amendment; in addition to my Civil Rights of Due Process and Procedural Due Process.
   Defendants continue on next page →

Defendants continue

7. Defendant NICOLE ROESELER

Address: unknown

title: BPH representative

Sue under: Individual capacity (see page # 7-9 (Exhibit "C" - The Advance Hearing Petition) Administrative Review Form.

Reason for suit:

Defamation of character, that contribute also to the Constitution violation of cruel and unusual punishment. Participation in cahoots with the other defendants violation of Petitioner's Due Process and Civil Rights. Without investigation. Signing the Form.

8. Defendant NEAL CHAMBERS

Address: unknown

Title: BPH Representative

Sue under: Individual capacity (see page # 7-9 (Exhibit "C" - The Advance Hearing Petition) Administrative Review Form.

Reason for Suit; Signing the Administrative Review Form, that is a "Defamation of character, that also contributes to the Constitution violation of cruel and unusual punishment and the Participation in cahoots with the other defendants. (see "Exhibit "C" pages 39-52 (character Reference Letters from inmates) (Petition to Advance) to oppose BPH Decision. page 4a

9. Defendant Carla McKinney
   address : unknown ; Health Care Services
   title : Health Program Manager

Sue under : Individual Capacity

Reason for suit:
        Personal Data Breach in 2016,
which has Caused the Petitioner harm (see pages 15-18)
in Exhibit "B". This employee of the CCHCS
was responsible for the Data Breach of my personal Private
information that has caused my personal information to be used
for any fraudulent purposes.

page 4b

**D. CLAIMS***

CLAIM I

The following civil right has been violated:

Plaintiff presents this claim that the following civil rights has been violated; 8th Amendment - cruel and unusual punishment — Releif shall be granted because Plaintiff was found suitable on Sept. 23rd, 2021 and because of the actions of the defendants listed in this case, he was en banc'd and subjected to spend another 2 years in prison and counting. I've been incarcerated 33 years. under 4801 Penal Code, as a youth offender Plaintiff was not or shall not serve any "Thompson Terms" for in prison crimes — which shall delma cruel and unusual punishment under Supreme Court ruling under (Franklin) All this is in retaliation for filing other grievances — see Exhibits attached, "B" Plaintiff earned his release and is being deprived of his rights. (Deprivation of Constitutional Rights)

Supporting Facts: Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

Plaintiff, Raymond A. Green, has been subjected to spend more years incarcerated because of the deliberate indiference acts by all defendents listed. (Page#11; Ex. "B") On Sept. 23rd, 2021, Plaintiff was found suitable for Parole — on Dec. 30, 2021, S. Rizo submitted a Confidential Notice Report that I, Plaintiff, recieved E.J.D. benefits and because of this notice (without evidence) the noted Commissioners of BPH all agreed to En banc and stop Plaintiff from paroling — Plaintiff has spent another 2 years and counting in prison — this is cruel and unusual punishment because as stated in Penal Code 4801 and Supreme Court ruling under Miller v. Alabama (2012) and Graham v. Florida (2010) this violates the 8th Amendment. Youth offender under Thompson Term shall not serve no more for in prison crimes even if another defendant even if the crime. This violates plaintiff's civil Rights. (Defamation of character and Invasion of Privacy)

*If there is more than one claim, describe the additional claims on another attached piece of paper using the same outline.

CIVIL RIGHTS COMPLAINT

CV-66 (7/97)

**E. REQUEST FOR RELIEF**

I believe that I am entitled to the following specific relief:

I believe that I am entitled to $2500.00 for each day I have been still incarcerated since the 150 days I should have been released after found suitable.

I was found suitable on Sept. 23rd, 2021 and as of today this is June 11th, 2023 - at least 720 days at $2500.00 a day - comes to $225,000.00 as of to date.

Because of past greivances this was or is a type of retaliation and cruel and unusual punishment. That on July 14, 2022 a Re-hearing was held to take my suitability and deny me 3 years - which is an act of convicting me for another crime. Violates Due Process and Procedural Due Process. See Exhibit "C" (page 10)

Attached Exhibits:

A.) Past Law Suits          5 pages

B.) Grievances             46 pages

C.) Advance Hearing Petition      73 pages

July 30th, 2023
_(Date)_

_(Signature of Plaintiff)_

# ATTACHED
# EXHIBITS
# COVER PAGE

## 3

### Exhibits

A.) Other Law suits filed    5 pages

B.) Grievances              46 pages

C.) Advance Hearing Petition  73 pages

# EXHIBIT
# COVER PAGE

A

### Exhibit

Past Law suits     5 pages

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

RAYMOND A. GREEN,

       Plaintiff,

    v.

T. TAYLOR, et al.,

       Defendants.

_____/

No.  3:12-CV-05933 CRB (NJV)

ORDER AND WRIT OF HABEAS
CORPUS AD TESTIFICANDUM

It is hereby ordered that the Clerk of the Court issue a Writ of Habeas Corpus Ad Testificandum for the person of RAYMOND A. GREEN, inmate no. E68189, presently in custody at  High Desert State Prison, Susanville, California, as the presence of said witness will be necessary at proceedings in the above-entitled cause and thereafter as may be required

Dated: January 8, 2015

                         NANDOR J. VADAS
                         United States Magistrate Judge

THE PRESIDENT OF THE UNITED STATES OF AMERICA

TO:   Warden, High Desert State Prison

GREETINGS

WE COMMAND that you have and produce the body of RAYMOND A. GREEN, inmate no. E68189, in your custody in the hereinabove-mentioned institution, before the United States District Court  at Solano State Prison, on February 12, 2015, at 11:00 a.m., in order that said prisoner may then and there

1 participate in the SETTLEMENT CONFERENCE in the matter of Green v. Taylor v. , et al, and at the

2 termination of said hearing return him forthwith to said hereinabove-mentioned institution, or abide by

3 such order of the above-entitled Court as shall thereafter be made concerning the custody of said

4 prisoner, and further  to produce said prisoner at all times necessary until the termination of the

5 proceedings for which his testimony is required in this Court;

6     Witness the Honorable Nandor J. Vadas, Magistrate Judge of the United States District Court

7 for the Northern District of California.

8

9 Dated:  January 8, 2015

10                                     RICHARD WIEKING

11                                       CLERK, UNITED STATES DISTRICT COURT

12                                       By: Linn Van Meter

13                                           Administrative Law Clerk

14

15

16 Dated:  January 8, 2015

17                                     NANDOR J. VADAS
                                    United States Magistrate Judge

18



19

20

21

22

23

24

25

26

27

28

2/7/22, 8:15 AM

CM/ECF - casd

<u>Query</u>   Reports   <u>Utilities</u>   Help   What's New   Log Out

CLOSED,1983PSLC,IFP

# U.S. District Court
## Southern District of California (San Diego)
### CIVIL DOCKET FOR CASE #: 3:18-cv-01166-MMA-BLM

Green v. Board of Parole Hearings
Assigned to: Judge Michael M. Anello
Referred to: Magistrate Judge Barbara Lynn Major
Case in other court: USCA, 18-56099
Cause: 42:1983pr Prisoner Civil Rights

Date Filed: 06/04/2018
Date Terminated: 07/20/2018
Jury Demand: None
Nature of Suit: 550 Prisoner: Civil Rights
Jurisdiction: Federal Question

**Plaintiff**

**Raymond A. Green**

represented by   **Raymond A. Green**
E68189
Centinela State Prison
P.O. Box 901
Imperial, CA 92251
PRO SE

V.

**Defendant**

**Board of Parole Hearings**
*(BPH)*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/04/2018 | 1 | COMPLAINT against Board of Parole Hearings, filed by Raymond A. Green. ($400 Filing Fee, Fee Not Paid, IFP Filed) (Attachments: # 1 Civil Cover Sheet)<br><br>The new case number is 3:18-cv-1166-MMA-BLM. Judge Michael M. Anello and Magistrate Judge Barbara Lynn Major are assigned to the case.[*Case in Screening per 28 USC 1915*] (jms) (Entered: 06/05/2018) |
| 06/04/2018 | 2 | MOTION for Leave to Proceed in forma pauperis by Raymond A. Green. (jms) (Entered: 06/05/2018) |
| 07/20/2018 | 3 | ORDER 1) Granting 2 Motion to Proceed in Forma Pauperis and 2) Dismissing Civil Action for Failing to State a Claim, and for Seeking Damages From Immune Defendants Pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). The Court Orders the Secretary of the CDCR, or his designee, to collect from Plaintiff's trust account the full $350 owed in monthly payments in an amount equal to 20% of the preceding month's income to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 2? U.S.C. § 1915(b)(2). The Court directs the Clerk of the Court to serve a copy of this Or on Scott Kernan, Secretary, CDCR. The Court dismisses this civil action sua sponte f failing to state a claim upon which § 1983 relief can be granted and for seeking mon? damages against defendants who are absolutely immune pursuant to 28 U.S.C. § 19 (2)(B) and § 1915A(b). The Court certifies that an IFP appeal from this Order wo? |

| | | be frivolous, and therefore not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).; and directs the Clerk of Court to close the file. Signed by Judge Michael M. Anello on 7/20/2018. (All non-registered users served via U.S. Mail Service)(Order electronically transmitted to Secretary of CDCR)(rmc) (Entered: 07/20/2018) |
|---|---|---|
| 07/20/2018 | 4 | CLERK'S JUDGMENT. The Court dismisses this civil action sua sponte for failing to state a claim upon which § 1983 relief can be granted and for seeking monetary damages against defendants who are absolutely immune pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). The Court certifies that an IFP appeal from this Order would also be frivolous, and therefore not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3)(All non-registered users served via U.S. Mail Service)(rmc) (sjt). (Entered: 07/20/2018) |
| 08/10/2018 | 5 | NOTICE OF APPEAL to the 9th Circuit as to 4 Clerk's Judgment, by Raymond A. Green. Fee not paid. (In 3 Order, the US District Court certified "that an IFP appeal from this Order would also be frivolous, and therefore not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3)." Notice of Appeal electronically transmitted to the US Court of Appeals.) (akr) (Entered: 08/13/2018) |
| 08/13/2018 | 8 | Second NOTICE OF APPEAL to the 9th Circuit as to 4 Clerk's Judgment, by Raymond A. Green. (USCA Case Number 18-56099. The document was received in the US Court of Appeals on 8/13/2018 and was forwarded to the US District Court Clerk for processing. Second Notice of Appeal electronically transmitted to the US Court of Appeals.) (akr) (Entered: 08/17/2018) |
| 08/15/2018 | 6 | USCA Case Number 18-56099 for 5 Notice of Appeal to 9th Circuit, filed by Raymond A. Green. (akr) (Entered: 08/15/2018) |
| 08/15/2018 | 7 | USCA Time Schedule Order as to 5 Notice of Appeal to 9th Circuit, filed by Raymond A. Green. (akr) (Entered: 08/15/2018) |
| 08/24/2018 | 9 | ORDER of USCA as to 5 Notice of Appeal to 9th Circuit, filed by Raymond A. Green. A review of the USDC's docket reflects that the USDC has certified that this appeal is frivolous and not taken in good faith and has revoked appellant's in forma pauperis status. The USCA may dismiss a case at any time, if the court determines the case is frivolous. Within 35 days after the date of this order, appellant must: (1) file a motion to dismiss this appeal, see Fed. R. App. P. 42(b), or (2) file a statement explaining why the appeal is not frivolous and should go forward. If appellant files a statement that the appeal should go forward, appellant also must: (1) file in the USCA a motion to proceed in forma pauperis. OR (2) pay to the USDC $505.00 for the filing and docketing fees for this appeal AND file in the USCA proof that the $505.00 was paid. If appellant does not respond to this order, the Clerk will dismiss this appeal for failure to prosecute, without further notice. If appellant files a motion to dismiss the appeal, the Clerk will dismiss this appeal, pursuant to Federal Rule of Appellate Procedure 42(b). If appellant submits any response to this order other than a motion to dismiss the appeal, the USCA may dismiss this appeal as frivolous, without further notice. If the USCA dismisses the appeal as frivolous, this appeal may be counted as a strike under 28 U.S.C. § 1915(g). The briefing schedule for this appeal is stayed. The Clerk shall serve on appellant: (1) a form motion to voluntarily dismiss the appeal, (2) a form statement that the appeal should go forward, and (3) a Form 4 financial affidavit. Appellant may use the enclosed forms for any motion to dismiss appeal, statement that the appeal should go forward, and/or motion to proceed in form pauperis. (akr) (Entered: 08/24/2018) |
| 12/20/2018 | 10 | ORDER of USCA as to 5 Notice of Appeal to 9th Circuit filed by Raymond A. Green USDC certified that this appeal is frivolous and not taken in good faith. On August 2018, the USCA ordered appellant to explain in writing why this appeal should b dismissed as frivolous. Upon a review of the record, the response to the USCA's 24, 2018 order, and the opening brief received September 4, 2018, we conclude |

| | | |
|---|---|---|
| | | is frivolous. We therefore deny appellant's motions to proceed in forma pauperis, and dismiss this appeal as frivolous, pursuant to 28 U.S.C. § 1915(e)(2). All other pending motions are denied. Dismissed. (akr) (Entered: 12/21/2018) |
| 01/11/2019 | 11 | MANDATE of USCA dismissing the appeal as to 5 Notice of Appeal to the 9th Circuit filed by Raymond A. Green (akr) (Entered: 01/11/2019) |

# EXHIBIT
# COVER PAGE

B

### Exhibit

Grievances        **50** page count
        going all the way back to 2020

**BOARD OF PAROLE HEARINGS**                    **STATE OF CALIFORNIA**

## PETITION TO ADVANCE DECISION FORM
### AUTHORITY: PC §3041.5(d)

**PETITION TO ADVANCE INFORMATION**

Date Petition Postmarked: June 30, 2023        Date Petition Received: July 10, 2023

Date of last Petition decision (ROM):

Inmate Name:       GREEN, RAYMOND, ANTHONY
CDCR Number:    E68189
Institution:        California Men's Colony

**BPH DECISION**

**JURISDICTIONAL REVIEW**

[] BPH does not have jurisdiction.
    [] The next hearing type may not be advanced.
    [] Insufficient time has passed since the previous Review on the Merits decision.
    [] Inmate is scheduled to be released within 12 months of the date the petition was received.
[X] BPH has jurisdiction.
    [X] Review on the Merits Ordered.
    [] Review on the Merits NOT Ordered.
        [] Inmate's next parole suitability hearing is within 7 months of BPH received date.
        [] Inmate's petition was incomplete (returned to inmate without prejudice).
        [] Inmate's petition was not related to the petition to advance process.

*Brie Delgado*                                      **July 17, 2023**

**SIGNATURE**                                    **REVIEW DATE**

**DELGADO, BRIE**

**NAME**

BPH 1045 (C) (Rev. 1/2023 )                                          1 of 3

**BOARD OF PAROLE HEARINGS**                                   **STATE OF CALIFORNIA**

## PETITION TO ADVANCE DECISION FORM
### AUTHORITY: PC §3041.5(d)

[] Petition approved, advance next parole suitability hearing to next available calendar. Once the hearing is scheduled, the inmate will be notified.
[] Petition approved, advance next parole suitability hearing from to years after previous hearing. Once the hearing is scheduled, the inmate will be notified of the new date.
[X] Petition denied.

Decision based on the reasons stated below.

Mr. Green (E68189) received a three-year denial of parole at his fifth subsequent parole suitability hearing on July 14, 2022. He submitted a Petition to Advance his next parole suitability hearing on June 28, 2023.

Pursuant to PC 3041.5(d)(1), an advancement of a parole suitability hearing date is appropriate where there is a change in circumstances or new information that establishes a reasonable likelihood that consideration of the public safety does not require the additional period of incarceration.

To prepare for this review, the author reviewed the Disability and Effective Communication System as well as the inmate's record to determine all physical and cognitive disabilities documented for this inmate. In reaching the decision articulated below, the author fully considered any mitigating impact of each documented disability on all of the factors considered.

Mr. Green has been determined to be youth offender as described in PC §3051. In this review, great weight has been given to the diminished culpability of the inmate as a juvenile when he committed the crime, the hallmark features of youth, and his subsequent growth and increased maturity.

In denying parole, the panel concluded Mr. Green remained a current, unreasonable risk to public safety due, in part, to the nature of the crime itself and a prior history of criminality. In addition to these immutable factors, the panel found Mr. Green unsuitable for parole due to: (1) prison misconduct, including a recent RVR for Disobeying an Order, which indicates he continues to struggle with self-control and impulsive behavior; (2) minimal sustained self-help programming to address his risk factors; (3) ongoing criminal mindset; (4) lack of credibility; and (5) limited awareness into his anger issues. Additionally, the panel relied on confidential information, which was determined to be reliable, regarding Mr. Green's involvement with EDD fraud.

The panel recommended Mr. Green remain discipline-free, earn positive chronos, and engaged in self-help programming, including criminal thinking, Criminal Gang members Anonymous, Victim Awareness, and Denial Management, if available.

In support of his Petition to Advance, Mr. Green submitted approximately 74 pages of documents to the Board, with exhibits including the Administrative Review Decision, Objections from his prior hearing, classification plan, recent self-help participation, relapse prevention plan, support letters, transitional housing and reentry services, and other documents previously submitted to the Board.

BPH 1045 (C) (Rev. 1/2023 )                                                         2 of 3

**BOARD OF PAROLE HEARINGS**                                          **STATE OF CALIFORNIA**

## PETITION TO ADVANCE DECISION FORM
### AUTHORITY: PC §3041.5(d)

Mr. Green contends his advancement of his next parole suitability hearing is appropriate because he has completed Timelist Support Network Group, participated in a 5k fundraiser, completed three lessons of PREP Victim Awareness, and he has remained discipline free since 2019.

In evaluating whether Mr. Green's next hearing should be advanced, a central file review has been completed. The records indicate Mr. Green is now 59 years of age, and Mr. Green has been discipline-free since 2019. Additionally, Mr. Green has been assigned as a yard worker. In terms of rehabilitative programming since his last hearing, Mr. Green has participated in Timelist Support Network Group, he completed three lessons of PREP Victim Awareness, and he participated in Project-Rise Day-For-Atonement 5k.

The confidential section of Mr. Green's central file was also reviewed. No confidential information was relied upon in reaching this decision.

Under some circumstances, the passage of time and the attendant changes in maturity, understanding and mental state may establish a change in circumstances. However, on balance, the factors in this case weigh against advancing the hearing and Mr. Green does not meet the standard for advancement. It has been approximately one year since his last hearing. Although Mr. Green has remained free of any disciplinary action, he has not participated in sufficient and sustained rehabilitative programming to address his risk factors as recommended by the Board, such as CGA and anger management. Additionally, Mr. Green is encouraged to complete the Victim Impact course, as it was specifically recommended by the Board, and he has only completed three lessons. Therefore, when considering the public and victim's safety, there is insufficient new information to support Mr. Green's request for advancement.

For the reasons stated above and pursuant to the discretion afforded the Board under Penal Code §3041.5(d) (2), the Petition to Advance is denied. The Board will NOT advance Mr. Green's next hearing.

*Norma Loza*                                                          **July 19, 2023**

**SIGNATURE**                                                         **REVIEW DATE**

**LOZA, NORMA**

**NAME**

**BOARD OF PAROLE HEARINGS**
**PROPOSED PAROLE CONSIDERATION DECISION**                    STATE OF CALIFORNIA

## DECISION - SUBSEQUENT HEARING #5

- [ ] Parole Granted - (Yes)
   **CDCR:  Do not release inmate before Governor's review.**
- [X] Parole Denied - (No)   __3__   Year(s)
- [ ] Inmate Signed Stipulation of Unsuitability for   ____ Year(s)
- [ ] Inmate Signed Voluntary Waiver for   ____ Year(s)
- [ ] Split Decision
- [ ] Term Calculation Only -
- [ ] Continue   ____ Month(s)
- [ ] Hearing Postponed   Length:   ____ Month(s)

Reason(s):

## PANEL RECOMMENDATIONS

**The Board Recommends:**
- [X] No more 115's or 128A's
- [ ] Work to reduce custody level
- [ ] Stay discipline free
- [X] Earn positive chronos
- [ ] Recommend transfer to
- [ ] Other

**As Available**
- [X] Get self-help
- [ ] Learn a trade
- [ ] Get therapy
- [ ] Get a GED

## PRESENT AT HEARING

Inmate Attorney         SPARKS, PATRICK

## HEARING PANEL

CHAPPELL, KEVIN - Commissioner           Date:07/14/2022

DESAI, VIJAY - Deputy Commissioner           Date:07/14/2022

CCII Frager

This form and the Board's decision at the hearing is only proposed and NOT FINAL. It will not become final until it is reviewed.

Raymond A. Green #E68189
E5/31L at CMC West Institution
San Luis Obispo, Calif. 93409

Date: March 06, 2022

Subject:   Objection to the Executive Meeting
Held January 18, 2022 to Reconsider
Suitability And Unlawful Hearing to be
held on July 14, 2022.


To be distributed to all Authorities Listed;


TO:

Board of Parole Hearing
P.O. Box #4036
Sacramento, Calif. 95812


Governor Gavin Newsom
(Main office)
Sacramento, Calif. 95814


Mr. District Attorney
George Gascon (Main office)
210 West Temple Street (Suite # 18-709)
Los Angeles, Calif. 90012-3210

Raymond A. Green #E68189-E5/31L
CMC West; P.O. Box# 8103
San Luis Obispo, Calif. 93409

Date:

Subject: Objection to the Executive Meeting
Decision to Reconsider Suitability.
And Unlawful Hearing to be held
on (July 14, 2022.)


The Board held an "En Banc" for a full Board Meeting
on January 18, 2022 on my case to reconsider my Parole
Suitability. I submitted my written statement in opposition to
their reasons for their decision to have an En Banc in my
case, reason being An EDD Application with my name, and
employment or unemployment benefits supposely issued to
Me. (see Attachment #2)
This reason being the case, the Board Panel or the Board's
investigation unit is accusing me of "Fraudulant Activity" which
is another crime — and using my Board Hearing as Court?

• Rules and Regulations Plainly states:
<u>Decision Review by the Legal Division</u>
The Board has 120 days from your hearing date to finalize
the decision to grant or deny you Parole. During this time, the
legal unit will look at the transcript of your hearing and your central
file. The legal unit looks to see:
• if the Panel made a mistake or error of law
• if the Panel made a mistake or error of fact
• if there is new information about your case that the Board
should look at. (see attachment #6 - Parole Granted forms).
<u>Action taken</u>: My case was sent "En banc" because of an EDD
• Application supposely depicting benefits issued to me, However;

1 of

there's been a hearing and a motion filed and conducted by only two Commissioners, Dobbs and Long .... This is not a full Board Panel — and first off the reason for this Executive Meeting has nothing to do with MY case.

This case being referred by the chief Counsel under Penal Code 3041, sub.div. (6) is in violation of MY Due Process Rights of MY Board Hearing Rights to be Heard — as well as my Rights under the Gascon Order and as a Youth offender.

<u>Panel Recommendations</u>   (Attachment #6)

- X No more 115$^s$ or 128$^s$
- X work to reduce custody level
- X earn Positive chronos
- X Get Self Help
- X Learn a trade

These are the Panel Recommendations that I have worked hard to meet and to earn my Parole — no where in the Panel's Recommendation does it state "Let nobody use Your Personal Information for any benefits" — which shall consist of "EDD Applications" and/or Being "DATA Breached in a staff's Personal Lap-top".... these things are out of my control. You want to Punish me for being a Victim?

I direct to answer or be subject to any kind of Punishment for something that's not in my Power to control — I can only control me and I've met all recommendations. If some legal authority or team believe that I've committed other crimes while I've been in Prison as "fraud", then refer it to the D.A.'s office. I've been in Prison 32 Years; this state owes me EDD and SSI and I want my benefits that I have coming I don't have to do fraud to get those benefits and to do all this from Prison is impossible.

I qualify for immediate Release under <u>The Gascon Order as noted here:</u> (See Attachment #6)

As stated in the Gascon order Effective December 8, 2020, those Policies outlined below supersede the relevant sections of Chapter 13 and Chapter 17 of the Legal Policies Manual.

2 of

## Introduction

Today, California prisons are filled with human being (we will seek to avoid using dehumanizing language such as "inmate", "prisoner", "criminal", or "offender" when referencing incarcerated people) charged, convicted and sentenced under prior District Attorney's Policies. Effective today, District Attorney George Gascón has adopted new charging and sentencing Policies

Justice demands that the thousands of People currently serving prison terms imposed in Los Angeles County under earlier, out dated Policies, are also entitled to the benefits of these new Policies. Many of these people have been incarcerated for decades or are serving a "virtual life sentence" designed to imprison them for life. The vast majority of incarcerated people are members of groups long disadvantaged under earlier systems of Justice. Black People, People of color, Young people, People who suffer from mental illness, and people who are poor. While resentencing alone cannot correct all inequities inherent in our system of Justice, it should at least be consistent with Policies designed to remedy those inequities.

The new Resentencing Policy is effective immediately and shall apply to all offices, units and attorneys in the Los Angeles County District Attorney's office (hereinafter "Office"). While particular attention will be paid to certain people as discussed herein, every aspect of existing sentencing or resentencing Policy will be subject to examination. The intent of this Resentencing Policy is that it will evolve with time to ensure that it reflects the values of the District Attorney, and by extension, the People of Los Angeles County.

## Notes of Resentencing Unit

Specifically, this office commits to an expedited review of the following categories of cases, which are themselves a subset of a universe of 20,000 - 30,000 cases with out-of-Policy sentences:

- People who have already served 15 years or more;
- People who are currently 50 years of age or older
- People who are at enhanced risk of COVID-19 infection,
- People who have been recommended for resentencing by CDCR.

• In implementing this order the following is noted:

At all types of resentencing hearings, filing deputies shall assist the Resentencing Court by setting forth any and all post conviction factors that support resentencing, including, but not limited to:

- Mitigation evidence
- CDCR disciplinary records
- Record of Rehabilitation
- Positive Programming while incarcerated
- Evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the risk for future violence
- Evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of Justice;
- And post-release reentry plans, demonstrating any family or community support that is available upon release (see e.g. AB 1812, Pen. Code §1170, subd. (d)).

## Lifer Parole Hearings under order states:

This office recognizes that Parole is an effective process to reduce recidivism, ensure public safety, and assist People in successfully rejoining society. The CDCR's own statistics show that People paroled from life terms have a recidivism rate of less than four percent.

We are not experts on rehabilitation. While we have information about the crime of conviction, the Board of Parole Hearings already has this information. Further, as the crime of conviction is of limited value in considering Parole suitability years or decades later (See In re Lawrence (2008) 44 Cal. 4th 1181; In re Shaputis (2008) 44 Cal. 4th 1241, 1255), the value of a Prosecutor's input in Parole hearings is also limited. Finally, pursuant to Penal Code Section §3041, there is a Presumption that People shall be released on Parole upon reaching the Minimum Eligible Parole Date (MEPD), their Youth Parole Eligible Date (YEPD), or their Elderly Parole Date (EPD).

Currently, sentences are being served that are much longer than the already lengthy mandatory minimum sentences imposed. Such sentences are constitutionally excessive (see In re Palmer (2019) 33 Cal. App. 5th 1199).

This office's default policy is that we will not attend parole hearings and will support in writing the grant of parole for a person who has already served their mandatory minimum period of incarceration, defined as their MEPD, YEPD or EPD; However, if the CDCR has determined in their Comprehensive Risk Assessment that a person represents a "high" risk for recidivism, the DDA may, in their letter, take a neutral position on the grant of parole.

△ This is all implemented under the Gascon Order of Dec. 8, 2020
   (See Attachment # 6)

In closing, my disposition :

With all the above said I object to appear to an unlawful hearing that is not in compliance to §3041 (normal Board Procedures) nor any type of Board hearing not ordered by Mr. Governor Gavin Newsom; whom office shall recieve this objection to the Executive Meeting and New Hearing based on "Accusations and Assumptions", nothing pertaining to Panel Recommendations nor in Compliance to the Gascon order.

I met all my recommendations and earned a "Grant" of Parole suitability at my 10th Hearing in total - now you tell me that the Commissioners do not trust one another's Judgement? And Commissioner's Dobbs and Long's Motion Supersedes Gascon's Order and Penal Code §3041, as well as Commissioner's Sullivan and Garcia's assessment of my Sept. 23, 2021 Suitable Hearing?

I have a right to be heard at any hearing pertaining to Keeping me incarcerated; I did not appear at the full Board En banc Hearing - which was conducted unlawfully, because it was being held for a reason that has nothing to do with my case that I am incarcerated for at this time and I also have the right to refuse to participated in such an action.

I will not accept no counsel assistance from those involved as I've represented myself at my hearing Sept. 23, 2021, I was "Granted" Parole or as stated; "a recommended decision."

<u>This reconsideration Hearing is Unlawful</u>

An EDD Application depicting benefits submitted in my name. As my own Attorney I want all documents used to hold such an

unlawful hearing on me; and to be held 4 months from the time of the time I shall have been released?

I know this is false accusations and I will be exercising my rights to use correct legal precedures to be Compensated way more than the EDD can Provide; I need millions #$

If some stranger used my Personal information to defraud me and in reality –"steal my identity"– And You try to blame me for this – then who should be blamed for the admitted "Data Breach" of my Personal information being stolen in a CDCR/ CCHCS workforce member's Personal Vehicle? (Attach.#1)

I've been incarcerated 32 Years, I do not Know nothing about how to even file an EDD APPlication, but from my own Personal investigation – in order to recieved such EDD benefits, You actually need – 1.) Picture I.D., 2.) An Address, 3.) signature; And how can I Provide any of this from Prison? You have my signature. This is all unlawful, I shall demand a full investigation and note that I decline to appear to Your hearing for JULY 14, 2022. And I shall object to such a hearing date all together.

Thank You

Respectfully Submitted;
Raymond A. Green

Attachments:

1.) Notice of "Data Breach" by CCHCS (April 25, 2016) 1 page

2.) Board of Parole Hearing – Confidential Report (Dec. 30, 2021)

3.) Notice of Attorney for JULY 14, 2022 Hearing (I decline)

4.) Notice of Executive Board Meeting (Jan. 18, 2022) (2 pages)

5.) Medi-cal and SSI forms or APPlications that I did file ahead of time as instructed to do. (dated Oct. 26, 2021 and Nov. 5, 2021) (14 pages)

6.) The Gascon's order and Parole Granted forms. (9 pages)

6 of

Raymond A. Green #E68189 - E5/31L
CMC West ; P.O. Box # 8103
San Luis Obispo, Calif. 93409

Date:

TO: Executive Board Meeting in
    Board of Parole Hearings
    P.O. Box # 4036
    Sacramento, Calif. 95812-4036

In re: New confidential information dated Dec. 30, 2021

Dear: Board Panel and all staff whom this may concern

        I, inmate, Raymond A. Green has recieved the notice of
the Executive Board Meeting to reconsider my Parole Suitability
hearing on Jan. 18, 2022, due to "New confidential information"
that was dated Dec. 30th, 2021 - The information from my understand-
ing has something to do with an EDD application with my name on
it... it is supposed to be information that would endanger the safety
of a person and Jeopardize the security of an institution"... How
is it that something like that was found in my possession? This is a ploy
to block my release after 32 years almost of incarceration, why would I
Jeopardize all my efforts?...From my investigation about EDD, incarcerated
men and women names were "Data Breached" by C.D.C.R. and many inmates
including myself, Personal information was used to Purchase houses,
cars, Property and Lord Knows what else - EDD requires the Person to
show I.D. (Identification, home address, ss#, and E.mail.)
So how could it be possible to Prove that this application was sent to
me... it should not be so simple to accuse anyone without evidence.
        And due to this is Putting my freedom on the line, I shall de-
mand a full investigation - such application should also have my signature
and I Know for sure C.D.C.R. is Known for using our Personal info.
for many things without our Knowledge (see attached Data Breach Notice.)
over the years many of my friends and family notified me of my name being
used a lot - there are a lot of Raymond Greens in the United States. And to

1 of 2

(2)

be honest with you about my financial support, which I really do not believe should have anything to do with C.D.C.R. unless I am involved with dealing illegal drugs in prison — my family and friends have been my main support since I've been incarcerated over these past 32 years and C.D.C.R. hasn't given me a dime since the settlement in 2016 or 2017 and haven't even given me a job in prison since 2017 over 4 years ago — They record and log ever money/cash transaction so how could something like this happen without sufficient evidence and/or correct documentation? Prison doesn't protect me from such crimes.

Due to quarantine here at CMC West I am not able to get the copies I need of my evidence, documentation proving that I am not in control of none of my personal information. I am also at high risk for Covid-19 infection being in prison, with a high infection ratio, people dying everyday but yet it seems C.D.C.R. refuses to release me out of despite.

My life is in danger being in prison during this pandemic but yet some false documentation, depicting that my identity has been stolen or a data breach can jeopardize my release that I've earned?

It is not fair and impartial to accuse anyone without proper due process, and by just speculation and assumptions. People on the outs identities are stolen everyday but you want to try and accuse me of some fraudulent crimes that has nothing to do with prison, where I've been almost 32 years — I only been here at CMC West San Luis Obispo for a little over a month — no counselar had seen me nor assigned me to nothing, but on Dec. 31st Friday here, the squad raided my locker and took all my family and friends addresses and numbers and confidential information, even took my family tree, which I'd been working on the last 5 years... Me, a straight programmer being treated like I am still a criminal... C.D.C.R. still haven't explained to me why my personal, confidential information was in a laptop that was stolen from a CCHCS workforce member's personal vehicle, since these things seem to be such an endangerment of the safety of persons and jeopardizes the security of an institution — You want to make me suffer, why shouldn't C.D.C.R. be held responsible for their illegal activities that are proven

Respectfully submitted,

Raymond A. Green #E68189

STATE OF CALIFORNIA - DEPARTMENT OF CORRECTIONS AND REHABILITATION

**BOARD OF PAROLE HEARINGS**
P.O. BOX 4036
SACRAMENTO, CA 95812-4036



# NOTICE OF SUBSEQUENT SUITABILITY HEARING

| | |
|---|---|
| **Inmate Name:** | GREEN, RAYMOND,ANTHONY |
| **CDC#:** | E68189 |
| **Institution:** | California Men's Colony |
| **Type:** | Subsequent Suitability Hearing #5 |
| **Date:** | 07/14/2022 |
| **Time:** | 10:30 AM |
| **Location:** | California Men's Colony |

BOARD OF PAROLE HEARINGS
PROPOSED PAROLE CONSIDERATION DECISION

STATE OF CALIFORNIA

## DECISION - SUBSEQUENT HEARING #5

- [X] Parole Granted - (Yes)
  CDCR:  Do not release inmate before Governor's review.
- [ ] Parole Denied - (No) _____ Year(s)
- [ ] Inmate Signed Stipulation of Unsuitability for _____ Year(s)
- [ ] Inmate Signed Voluntary Waiver for _____ Year(s)
- [ ] Split Decision
- [ ] Term Calculation Only -
- [ ] Continue _____ Month(s)
- [ ] Hearing Postponed       Length: _____ Month(s)

Reason(s):

## PANEL RECOMMENDATIONS

**The Board Recommends:**
- [X] No more 115's or 128A's
- [X] Work to reduce custody level
- [ ] Stay discipline free
- [X] Earn positive chronos
- [ ] Recommend transfer to
- [ ] Other

**As Available**
- [X] Get self-help
- [X] Learn a trade
- [ ] Get therapy
- [ ] Get a GED

## HEARING PANEL

SULLIVAN, WILLIAM - Commissioner                    Date:09/23/2021

GARCIA, JOHN - Deputy Commissioner                  Date:09/23/2021

ATTACHED BY INMATE

INMATE COPY

This form and the Board's decision at the hearing is only proposed and NOT FINAL. It will not become final until it is reviewed.

| NAME: GREEN | CDC #: E68189 | INST: CEN | SCHEDULED DATE: 09/23/2021 |
| --- | --- | --- | --- |

BPH 1001

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS AND REHABILITATION

**BOARD OF PAROLE HEARINGS**
P.O. Box 4036
Sacramento, CA 95812-4036

GAVIN NEWSOM, GOVERNOR



## NOTICE OF EXECUTIVE BOARD MEETING

January 19, 2022

**GREEN, RAYMOND E68189**
E 005 1-000031L
CMC-Facility

Dear Raymond Green,

On January 18, 2022, at the Board of Parole Hearings' Executive Board Meeting, **a majority of appointed commissioners reconsidered your parole suitability**. Please see the board's decision below:

**GREEN, RAYMOND E68189**
**Referred by the Chief Counsel under Penal Code 3041, subdivision (b)**
Sentencing Court: Los Angeles

|  |  |
|---|---|
| **Motion:** | Vacate the panel's September 23, 2021 decision to grant parole and schedule a new hearing on the next available calendar. |
| **Motion by:** | Dobbs |
| **Second by:** | Long |
| **Not Present:** | Chappell, Grounds, O'Meara, Purcell, Schneider, Sharrieff, Thornton, Zarrinnam |
| **Abstained:** | Garcia |
| **Decision:** | **Motion approved by a majority of the commissioners present.** |

Sincerely,

*T. Shultz*

Tiffany Shultz
Assistant Chief Counsel
Legal Division

ATTACHED BY INMATE

State of California

Board of Parole Hearings

# Memorandum

**ATTACHED BY INMATE**

Date:  December 30, 2021

To:   Inmate GREEN, Raymond (E-68189)
      California Men's Colony
      San Luis Obispo, CA 93409-8101

Subject:   **Board of Parole Hearings – Notice of Confidential Report**

Pursuant to California Code of Regulations (CCR), Title 15, Section 3321, information deemed confidential by the Board of Parole Hearings (Board) was used to prepare a Confidential Inquiry Report. The information is deemed confidential in accordance with CCR 3321(a)(1) and (2) because the information, if known to the inmate, would endanger the safety of a person and jeopardize the security of an institution.

On December 27, 2021, the Offender Investigations and Screening Division (OISD) completed a Confidential Inquiry Report that revealed an application for EDD benefits was submitted in your name.

The information contained in the Confidential Inquiry Report is considered reliable in accordance with CCR 3321(c)(4) because part of the information was corroborated through investigation.

The Confidential Inquiry Report, dated December 30, 2021 and authored by Senior Investigator S. Rizo, regarding the EDD claim is located in the confidential section of your Electronic Central File (ECF). This report will be available for review by the full Board, sitting en banc, during the January 2022 Executive Board Meeting.

*S. Rizo*
S. Rizo
Senior Investigator
Offender Investigations and Screening Division

Cc:  Classification and Parole Representative, CMC
      Board of Parole Hearings Section of the Inmate's ECF

ATTACHED BY INMATE

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| | IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|---|

2092298

*FOR STAFF USE ONLY*

You may appeal any California Department of Corrections and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available.  See California Code of Regulations (CCR), Title 15, Section 3084.1. You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that led to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process.  No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.

Name (Last, First): Green, Raymond        CDC Number: E62189        Unit/Cell Number: E5/31L        Assignment: UNAssigned

WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.): Falsified documentations used to incriminate

A.  Explain your issue (If you need more space, use Section A of the CDCR 602-A): On 12-31-21 some squad came into the Dorm 5 and impound my personal information and my family and friends information that had nothing to do with the safety of →

B.  Action requested (If you need more space, use Section B of the CDCR 602-A): On 12-31-21 Squad confiscated all personal information listed above by false information that implicated me in some financial investigation or fraudulent activities →

Supporting Documents: Refer to CCR 3084.3.

☑ Yes, I have attached supporting documents.

List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono): 1) Cell search disposition (12-31-21)   2) Memo date (12-30-21)   3) Notice of Data Breach dated May 16, 2016

☐ No, I have not attached any supporting documents.  Reason: _____

Inmate/Parolee Signature: _____        Date Submitted: 01-07-22

☐ By placing my initials in this box, I waive my right to receive an interview.

C.  First Level - Staff Use Only

This appeal has been:        Staff – Check One: Is CDCR 602-A Attached? ☐ Yes   ☐ No
☐ Bypassed at the First Level of Review. Go to Section E.
☐ Rejected (See attached letter for instruction)  Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter)  Date: _____
☐ Accepted at the First Level of Review.

Assigned to: _____ Title: _____ Date Assigned: _____ Date Due: _____

First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date, location, and complete the section below.

Date of Interview: _____ Interview Location: _____

Your appeal issue is: ☐ Granted   ☐ Granted in Part   ☐ Denied   ☐ Other: _____

See attached letter. If dissatisfied with First Level response, complete Section D.

Interviewer: _____ (Print Name)  Title: _____ Signature: _____

Reviewer: _____ (Print Name)  Title: _____ Signature: _____ Date completed: _____

Date received by AC: _____

AC Use Only
Date mailed/delivered to appellant ___/___/___

STATE OF CALIFORNIA
INMATE/PAROLEE APPEAL FORM ATTACHMENT
CDCR 602-A (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| IAB USE ONLY | Institution/Parole Region | Log # | Category |
|---|---|---|---|
| | | FOR STAFF USE ONLY | |

Attach this form to the CDCR 602, only if more space is needed. Only one CDCR 602-A may be used.
Appeal is subject to rejection if one row of text per line is exceeded.   WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First) | CDC Number | Unit/Cell Number | Assignment |
|---|---|---|---|
| Green, Raymond | F68189 | E5/31L | unassigned |

A. Continuation of CDCR 602, Section A only (Explain your issue): This institution they
stated on the cell search Property Receipt/Notice
that "Paperwork would be returned" It should not
have taken a whole week to copy or look through my
family and friends Phone numbers and my Personal
financial statements when the Program office's
right across the yard; And Also it was all done without
Proper Permission nor authority in order to Stop
my Parole release Process and try to connect
me to some kind of fraudulent activity dealing
with unemployment benefits; this was not what
the squad officer A. Sanchez stated when he had
interviewed me of the reason for the search, as here
stated on the attached Disposition that it was just
some regular paperwork. It was confiscated under a
fraudulent reason and is all a part of some falsi-
fication of documents investigation; that especially
has nothing to do with this institution and shall be
deemed as a violation of my Constitutional Rights.

Inmate/Parolee Signature: _____   Date Submitted: 01-07-22

B. Continuation of CDCR 602, Section B only (Action requested): And the squad staff member, A.
Sanchez, that out lied to me that it was a search of some
type of Prelegal Procedure; but yet the Board was issued
confidential information they recieved about my personal infor-
mation, being used in some fraudulent activities; If any of my
Personal information was used in anything fraudulent, then it is
nobody fault but C.D.C.R., as they stated years ago about my
Personal information was illegally stolen. (see attached Data
Breach Notice) dated 2016... I shall have a full investigation
and request all Proof that any fraudulent activity was conducted
with my authorization or else, this will be cause for Pursuing
legal actions against all involved in this falsification scam.

Inmate/Parolee Signature: _____   Date Submitted: 01-07-22

<u>Data Breach</u>

Dated: May 16, 2016

Notice of Data Breach

Raymond Green #E68189
Housing: A 005 (, Cell Bed: 103001U
Wasco State Prison
PO Box # 4400
Wasco, Calif. 93280-4400

Dear: Raymond Green

we are contacting you because of a Possible information Security incident involving Your Personal information.

<u>what Happened</u>

On April 25, 2016 California Correction Health Care Services (CCHS) identified a Potential breach of Your Personally Identifiable information and Protected Health information that occurred on February 25, 2016. An unencrypted laptop was stolen from a CCHS workforce member's Personal Vehicle. The laptop was Password Protected in accordance with state Protocol.

<u>what information Was involved</u>

We do not Know if any sensitive information was contained in the laptop. To the extent any sensitive information may have been contained in the laptop, we do not Know if the information included any of Your information and etc .....

<u>what We are doing</u>

We regret this incident occurred and take these events seriously. CCHCS has taken steps to mitigate these types of events including information security training for staff and we are reinforcing information security practices and etc .....

<u>what You can Do</u>

we do not believe there are any further information Privacy Protective measures You need to at this time. However, if You have concerns You can contact the California Correctional Health Care Services; Controlled Correspondence Unit, P.O. Box # 588500, Elk Grove, CA 95758-8500.

* This was hand copied because I had to send all forms to C.D.C.R. Appeal Coordinator at CMC West and to an En Banc Hearing at BPH on (Jan 11th, 2022

# PROTECTION FROM IDENTITY THEFT

## WHAT TO DO IF YOU THINK IT'S HAPPENED TO YOU

Identity theft occurs when an identity thief takes your personal information and uses it without your knowledge. The thief may run up debts or even commit crimes in your name. The following tips are recommendations if you believe you are a victim.

**❶ Contact these bureaus**

You can report the potential identity theft to all three of the major credit bureaus by mailing your request for a free credit report to the addresses below.

 TransUnion

**Mail Request:**
P.O. Box 1000
Chester, PA 19016

 experian.

**Mail Request:**
P.O. Box 2104
Allen, TX 75013-0949

 EQUIFAX

**Mail Request:**
P.O. Box 740241
Atlanta, GA 30374-0241

**❷ Review your credit reports**

Look for accounts you do not recognize, especially accounts opened recently. Look in the inquiries section for names of creditors you do not recognize. Promotional inquiries are not signs of fraud. Check the address section of your credit report. If you find items you do not understand or recognize on your report, document and mail those concerns to the three major credit reporting bureaus. Copies of this informational bulletin will be made available in the law library and your law library officer.



**❸ Protect your social security number**

Do not keep your SSN in public places or to anyone other than your intended recipient. If you think an identity thief is using your SSN to work or collect benefits,

submit a request in writing to:
Social Security Administration
1100 West High Rise
6401 Security Blvd.
Baltimore, MD 21235

** Please include your Social Security number or claim number when submitting requests by mail.



**❹ Fraud EDD unemployment income**    *MAR 30, 2022*   *37 yrs*

If you receive mail or a Form 1099G from EDD, but you did not file a claim for benefits and you think someone else filed a claim under your name, address, or Social Security number, file a fraud claim by mailing to the address listed next:

Report Benefit Fraud/Unemployment Insurance Fraud to:
**Employment Development Department**
PO Box 2530
Rancho Cordova, CA 95741-2530

 EDD

** Please provide the following information: Last four digits of the Social Security number on the Form 1099G, all employer names you worked in the last three years, all previous addresses you used in the last three years, all Social Security numbers you have used, other names you have used, and the California Driver's License (CDL) number, expiration date, and date of birth listed on your CDL or California Identification Card.

** Please include your Social Security number or claim number when submitting requests by mail.

**❺ Other resources**

**IRS and Department of Labor Identity Theft:**
Mail Form 14039 to address:
Internal Revenue Service, Stop C2003
Fresno, CA 93888

**Franchise Tax Board**
Report any recent or potential tax-related identity theft by mail. Include your Identity Theft Affidavit (FTB 3552) when reporting.

**Mail:**
**Filing Compliance Bureau MS F151**
Franchise Tax Board
PO Box 1468
Sacramento CA 95812-1468

 IRS    FTB

** Identity Theft Affidavits will be available in the library and accessible through the law library officer.

This poster for informational purposes and should not be construed as legal advice or a policy of the State of California. If you want advice on a particular case, you should consult an attorney or other expert.



**CALIFORNIA DEPARTMENT** *of*
**Corrections and Rehabilitation**

# CLAIMANT GRIEVANCE RECEIPT ACKNOWLEDGMENT

**Offender Name:** GREEN, RAYMOND A.

**CDC#:** E68189

**Date:** 01/12/2022

**Current Location:** CMC-Facility E

**Current Area/Bed:** E 005 1000031L

**From:** Office of Grievances at California Men's Colony

**Re:** Log # 000000209298

The California Department of Corrections and Rehabilitation Office of Grievances at California Men's Colony received your grievance on 01/12/2022. Your grievance has been assigned for review and response.

Pursuant to California Code of Regulations, title 15, the Office of Grievances will complete its review no later than 03/14/2022.

Please be informed that the Office of Grievances will not respond to any inquiries about the status of a grievance prior to the date shown above.

CDCR SOMS OGTT300
CLAIMANT GRIEVANCE RECEIPT ACKNOWLEDGMENT



CALIFORNIA DEPARTMENT *of*
**Corrections and Rehabilitation**

# OFFICE OF GRIEVANCES DECISION

**Offender Name:** GREEN, RAYMOND ANTHONY
**CDC#:** E68189

**Date:** 01/19/2022

**Current Location:** CMC-Facility E

**Current Area/Bed:** E  005 1 - 000031L

**Log #:** 000000209298

## Claim #: 001

**Received at Institution/Parole Region:** California Men's Colony
**Submitted to Facility/Parole District:** California Men's Colony
**Housing Area/Parole Unit:**
**Category:** General Employee Performance        **Sub-Category:** Substandard Performance

The California Department of Corrections and Rehabilitation received your grievance on 01/12/2022 which you submitted on 01/11/2022.

Pursuant to the California Code of Regulations, title 15, your claim has been identified as an allegation of staff misconduct, meaning it will be referred outside the grievance and appeal process to an appropriate authority within the Department for the purpose of gathering facts needed to prove or disprove the allegation. A separate response will be provided to you at the conclusion of that process. This decision exhausts all administrative remedies available to you for this claim.

**Decision: Allegation of Staff Misconduct**

California Men's Colony – East Facility
## Cell Search Property Receipt/Notice

**ATTACHED BY INMATE**

In accordance with California Code of Regulations, Title 15, § 3287(4) this notice is being issued to you due to a search having been done on your cell.

Date: 12/31/21    Occupant: GREEN, RAYMOND                CDCR#: E68189   Building: 3   Cell: 316
                  Occupant: _____       CDCR#: _____  Building: ___  Cell: ___

| Quantity | Item(s) Impounded | Personal/State | | Reason* | | | | Disposition ** | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Misc | Paperwork (Lease) | (P) | S | A | U | E | D | A | B | C | (D) |
| | | P | S | A | U | E | D | A | B | C | D |
| | | P | S | A | U | E | D | A | B | C | D |
| | | P | S | A | U | E | D | A | B | C | D |
| | | P | S | A | U | E | D | A | B | C | D |
| | | P | S | A | U | E | D | A | B | C | D |

Breach of Security–Follow up Action/Comments: ***

Paperwork will be taken and or returned if authorized.

Inspecting Officer(s)   A. SANCHEZ
                        Print Name                                    Signature

Reason:   A = Altered   U = Unauthorized   E = Excess   D = Dangerous
**Disposition:   A = Disposed of per Title 15, § 3191(c)   B = Turned over to R & R   C = Secured as evidence   D = Other (explain in Comments section)
***Any breach of security will be noted in this area and what follow-up action will be taken, i.e., work order or disciplinary (128A/115).
CMC-214 (10/09) DTP

State of California

OIA Investigation/Allegation Inquiry Findings<br>Department of Corrections and Rehabilitation

# Memorandum

Date    :    August 08, 2022

. To     :

    GREEN, Raymond (E68189)
    California Men's Colony (CMC)
    Facility E 005 1-000031L

Subject:    **INVESTIGATION/ALLEGATION INQUIRY FINDINGS – GRIEVANCE LOG #209298**

**GRIEVANCE ISSUE:** It is the claimant's position that on December 31, 2021, Correctional Officer/Investigative Services Unit (ISU) A. Sanchez lied about the reason for conducting a search of his property. After the cell search, claimant stated Office Sanchez took his personal/family/friends' information and left a cell search receipt, which indicated his paperwork would be returned. Claimant alleged his paperwork was taken without proper permission or authority as it was taken under a fraudulent reason and should not have taken a week to review.

**DETERMINATION OF ISSUE:** Your claim contained an allegation of staff misconduct as defined in the California Code of Regulations (CCR), Title 15, Section 3486(c)(17) and was either processed as an Office of Internal Affairs (OIA) Investigation pursuant to CCR, Title 15, Section 3488.2, or as an Allegation Inquiry by a Locally Designated Investigator (LDI) pursuant to CCR, Title 15, Section 3488.3.

**FINDINGS:** Upon receipt and review of the Confidential Investigation Report as described in CCR, Title 15, Section 3488.2(d), Allegation Inquiry Report as described in CCR, Title 15, Section 3488.3(d), or approval from OIA for direct adverse action, the Hiring Authority determined your Claim/Allegation was:

☐   NOT SUSTAINED: The investigation or inquiry failed to disclose a preponderance of evidence to prove or disprove the allegation made in the complaint.

☒   UNFOUNDED: The investigation or inquiry conclusively proved that the act(s) alleged did not occur, or the act(s) may have, or in fact, occurred but the individual employee(s) named in the complaint(s) was not involved.

☐   EXONERATED: The facts, which provided the basis for the complaint or allegation, did in fact occur; however, the investigation or inquiry revealed that the actions were justified, lawful, and proper.

☐   SUSTAINED: The investigation or inquiry disclosed a preponderance of evidence to prove the allegation(s) made in the complaint.

**ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE.** As such, the details of any inquiry or investigation will not be shared with staff, members of the public, or an offender grievant. Although you have the right to submit an allegation of staff misconduct, a

Page 2

request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff misconduct process. As stated in the associated Office of Grievances Decision response letter, your claim was identified as an allegation of staff misconduct, meaning it was referred outside of the grievance and appeal process to an appropriate authority within the Department for the purpose of gathering facts needed to prove or disprove the allegation.  The Inquiry/Investigation was completed and your administrative remedies shall be considered exhausted.

_____            8-8-22
D. SAMUEL                          Date
Warden

STATE OF CALIFORNIA
**GRIEVANCE**
CDCR 602-1 (03/20)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

**CMC** Page 1 of 2

| **STAFF USE ONLY** | Grievance #: 230109 | Date Received: |
| | Date Due: | MAR 04 2022 |
| | Categories: | OFFICE OF GRIEVANCES |

_This is the process to ask for help with a complaint._

Claimant Name: __Green   R.__    CDCR #: __E68189__  Current Housing/Parole Unit: __E5/31L__

Institution/Facility/Parole Region: __CMC West__

In order for the Department to understand your complaint, make sure you have answered the following questions:

- *What is the nature of your complaint?*  Cruel and unusual Punishment violation
- *When and where did the complaint occur?* First at Centinela State prison, now at CMC we
- *Who was involved?* Centinela Warden, Raymond Madden, CMC West Warden, Active Warde
- *Which specific people can support your complaint?* Medical staff and Covid 19 Compliance
- *Did you try to informally resolve the complaint?* Yes, Appeal attached all the way to 3rd level
- *What rule or policy are you relying on to make your complaint?* Covid Compliance
- *Are there documents that would be helpful to support your position? List the documents if you do not have them. Please note that documents submitted with this form will not be returned.* I have documents, but not able to get copies.
- *What specific action would resolve your complaint?*
   To be released from Prison

           on Sept. 23, 2021 I was found Suitable for Parole, how-
ever on Dec. 30, 2021, I was issued Paperwork accusing me of
Some EDD Fraud... So as of today I am still in prison...
Being that I am 57 Years of age I am high risk for Covid, I
filed a 602 back in July 29, 2020 about the Covid Compliance
is not up to Part in C.D.C.R. When I was at Centinela State
Prison - instead of resolving the issue, the C.D.C.R. Staff that
I listed as those responsible; which falls on the Wardens of these
institutions- My life is still in danger, I was sent from Centinela
cell-living to CMC West Dorm living (that is not in Covid Compliance)
and Proves to be a violation of the Eighth (VIII) Amendment of
Cruel and unusual Punishment. I've been sent to a more at-risk
institution. I have been at risk for Covid 19 since March 2020
As of Yet C.D.C.R. refuse to let me be released by now using
false information to stop my Suitability.... Covid-19 Pandemic
has also stopped us from having access to the Law Library, So
how can We be expected to Appeal any Kind of Appealable
incidents? I've attached documents proving my Grievance. I am

**DISTRIBUTION**    **Original:** Offender's File    **Copies:** DAI, DAPO, and Offender

*ADA Accessible*



CALIFORNIA DEPARTMENT *of*
**Corrections and Rehabilitation**

# CLAIMANT GRIEVANCE RECEIPT ACKNOWLEDGMENT

**Offender Name:** GREEN, RAYMOND A.          **CDC#:** E68189

**Date:** 03/04/2022

**Current Location:** CMC-Facility E          **Current Area/Bed:** E 005 1000031L

**From:** Office of Grievances at California Men's Colony

**Re:** Log # 000000230109

The California Department of Corrections and Rehabilitation Office of Grievances at California Men's Colony received your grievance on 03/04/2022. Your grievance has been assigned for review and response.

Pursuant to California Code of Regulations, title 15, the Office of Grievances will complete its review no later than 05/04/2022.

Please be informed that the Office of Grievances will not respond to any inquiries about the status of a grievance prior to the date shown above.

CDCR SOMS OGTT300
CLAIMANT GRIEVANCE RECEIPT ACKNOWLEDGMENT

CDCR SOMS OGTT300 - OOG Offender Grievance Receipt Acknowledgement

CALIFORNIA MEN'S COLONY STATE PRISON
P.O. BOX 8101
SAN LUIS OBISPO, CA. 93409-8101
Name: Raymond A. Greer
CDCR #: E68189  Cell #: E5/31L

STATE PRISON
GENERATED MAIL

Legal Mail

United States District Court
Central District of California.
255 East Temple Street, Suite # T5-134
Los Angeles, Calif. 90012

US POSTAGE
$010.55

